## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COOLIGAN, and WILLIAM SULLIVAN, | Case No.: |
| Plaintiffs, | |
| v. | |
| FORTNOFF FINANCIAL, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | **NOTICE OF REMOVAL** |
| Defendants. | |

## <u>D.N.J. LOCAL RULE 10.1 STATEMENT</u>

The Plaintiffs in this case are Atlas Data Privacy Corporation ("Atlas"), Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Cooligan and William Sullivan. The address for Atlas is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302. Defendant Fortnoff Financial, LLC ("Fortnoff financial") is unable to locate the addresses of Plaintiffs Jane Doe-1 and Jane Doe-2, as their identities are unknown. Fortnoff Financial is also unable to locate the precise addresses of the remaining individual Plaintiffs. Plaintiffs are represented by Rajiv D. Parikh, Esq., and Kathleen Barnett Einhorn, Esq. of Genova Burns, LLC, 494 Broad Street, Newark, New Jersey 07012, and John A. Yanchunis, Esq. AND Ryan J. McGee, Esq. of Morgan & Morgan, 201 N. Franklin Street, 7th Flood, Tampa, FL 33602.

Defendant Fortnoff Financial's address is 4655 Cass Street, Suite 407, San Diego, California 92109. Fortnoff Financial is represented by John Timothy McDonald, Esq. (New Jersey Bar No. 027201990) and Jennifer A. Adler, Esq. (*pro hac vice* forthcoming) of Thompson Hine LLP, Two Alliance Center, 3560 Lenox Road, NE, Suite 1600, Atlanta, Georgia 30326-4266 and Steven G. Stransky, Esq. (*pro hac vice* forthcoming) of Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114.  Plaintiffs also name "Richard Roes 1-10, fictitious

4884-2984-4398.1

names of unknown individuals" and ABC Companies 1-10, fictitious names of unknown entities" whose addresses or principal places of business are unknown.

**PLEASE TAKE NOTICE** that, pursuant to U.S.C. §§ 1332, 1367, 1441 and 1446, Defendant, Fortnoff Financial, LLC ("Fortnoff Financial"), by and through counsel, hereby gives notice of removal of this action from the Superior Court of New Jersey Law Division, Mercer County to the District of New Jersey. In support thereof, Fortnoff Financial respectfully states as follows:

<u>**INTRODUCTION**</u>

<u>**PLAINTIFFS' ALLEGATIONS**</u>

1.      This case is one of dozens of lawsuits filed by Plaintiff Atlas alleging violations of Daniel's Law, N.J.S.A. 56:8-166.1, a New Jersey statute that prohibits the disclosure or re-disclosure of certain information of "covered persons," as defined in the statute, upon a written request by those individuals.

2.      Plaintiffs allege that they requested, in writing, that Defendants "cease disclosure of their home addresses and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available" within 10 days of receiving the Notice. Compl., ¶ 58.

3.      Plaintiffs further allege that Defendants failed to comply with these requests in violation of Daniel's Law, entitling them to "all available relief." *Id.* at ¶¶ 59-62.

3

4.     Plaintiffs seek to recover "actual damages" of "$1,000 for each violation" of the statute, in addition to punitive damages, attorneys' fees, interest and equitable and injunctive relief. *Id.,* Prayer for Relief.

5.     Fortnoff Financial disputes Plaintiffs' allegations and believes the Complaint lacks merit. By seeking removal, Fortnoff Financial does not waive any arguments or defenses with respect to the Complaint or otherwise in this matter, including, without limitation, motions to dismiss pursuant to Fed. R. Civ. P. 12, as well as the right to amend or supplement this Notice of Removal. *See, Danziger & DeLlano, LLP v. Morgan Verkamp, LLC,* 948 F.3d 124, 131-32 (3d Cir. 2020) ("We hold today that removal to federal court does not waive defenses that a defendant would otherwise have in state court.")

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

6.     On February 7, 2024, Plaintiffs Atlas Data Privacy Corporation, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Cooligan and William Sullivan, in addition to Jane Doe-1 and Jane Doe-2, filed a Complaint against Fortnoff Financial, in addition to "RICHARD ROES 1-10, fictitious names of unknown individuals" and "ABC COMPANIES 1-10, fictitious names of unknown entities" in the Superior Court of New Jersey Law Division, Mercer County.  The action is captioned *Atlas Data Privacy Corporation, et. al. v. Fortnoff Financial, LLC, et. al.,* Docket No. MER-L-000284-24. (the "State Court Action").  On

February 23, 2024, Plaintiffs filed an Amended Complaint.[1]  Fortnoff Financial was served with the Summons and Amended Complaint in the State Court Action on March 1, 2024.

7.      On March 12, 2024, Plaintiff Atlas filed a Motion to Consolidate in the action styled *Atlas Data Privacy Corporation, et. al., v. Whitepages, Inc. et. al.,* No. MER-L-270-24. While the Motion was not filed in this action, it seeks to consolidate this action with 23 other nearly identical actions pending in Mercer County. On March 20, 2024 Plaintiff Atlas filed a request to adjourn the Motion to Consolidate until April 12, 2024.

8.      Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 5.1(e), a copy of all "process, pleadings, and orders served upon such defendant" is attached hereto as **Exhibit A.** A true and correct copy of the docket in the State Court Action is attached hereto as **Exhibit B.**

9.      Pursuant to 28 U.S.C. § 1446(d) after the filing of this Notice of Removal, Fortnoff Financial will give written notice thereof to all adverse parties and will file a copy of the Notice with the clerk of the State Court.

---

[1] Plaintiffs apparently filed an identical action against identical parties in the Superior Court of New Jersey in Middlesex County, also on February 7, 2024. Plaintiffs voluntarily dismissed that action without prejudice on February 24, 2024, stating that there was a matter pending in Mercer County.

4884-2984-4398.1

10.    The State Court Action is pending in the Superior Court of New Jersey Law Division, Mercer County, which is part of the United States District Court for the District of New Jersey. Thus, venue is proper pursuant to 28 U.S.C. § 1441(a).

11.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice is filed within thirty (30) days after service of the Summons and Complaint.

## JOINDER

12.    No other named Defendants have been added to this action, and therefore no joinder of additional defendants to this removal is necessary.

## DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

13.    This Court has original subject matter jurisdiction over Plaintiffs' claims by virtue of 28 U.S.C. § 1332(a)(1) because this case involves claims between parties of diverse citizenship and the amount in controversy for at least one Plaintiff's claims exceeds $75,000.00 as required by § 1332(a)(1).  *See, McCann v. George W. Newman Irrevocable Trust,* 458 F.3d 281, 286 (3d Cir. 2006) (noting that "[f]ederal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $ 75,000 and is between "citizens of different States." (citing 28 U.S.C. § 1332(a)(1)).  A Notice of Removal must contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446 (a).

4884-2984-4398.1

## Complete Diversity is Present

### Defendant Fortnoff Financial's Citizenship

14.    Defendant Fortnoff Financial is a limited liability company organized under the State of California. For purposes of diversity, the citizenship of an LLC is determined by the "citizenship of each of its members." *Zambelli Fireworks Mfg. Co., Inc. v. Wood,* 592 F.3d 142, 418 (3d Cir. 2010). Mr. Anton Ivanov, an individual, is the sole member of Fortnoff Financial. Mr. Ivanov is a resident of the State of New Mexico. Defendant Fortnoff Financial is therefore a citizen of the State of New Mexico for purposes of diversity of citizenship. Upon information and belief, none of the Individual Plaintiffs, Atlas or its assignors are citizens of the State of New Mexico.

15.    Plaintiffs also name "RICHARD ROES 1-10, fictitious names of unknown individuals" and "ABC COMPANIES 1-10, fictitious names of unknown entities" as defendants. Compl., ¶ 37. Plaintiffs do not allege the citizenship of any of these "fictitious" entities and admits that their names are "unknown." *Id.* They should be disregarded for purposes of diversity jurisdiction. *See,* 28 U.S.C. § 1441 (b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction under Section 1332 (a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded."); *Carbajo v. J.C. Penny Co.,* Civil Action No. 09-5661 (JLL), 20120 U.S. Dist. LEXIS 56812, * 6

7

(D.N.J. June 8, 2010) (finding complete diversity existed and disregarding citizenship of fictitious entities).

**Individual Plaintiffs' Citizenships**

16.    The Complaint alleges that Jane Doe-1 is a "decorated veteran police officer working in Northern New Jersey. Compl., ¶ 15. Under New Jersey law, "every member of a police department and force shall be a resident of the State of New Jersey while serving in such position." *See,* N.J.S.A. 40A:14-122.8; *see also,* N.J.S.A. 52:14-7(a)(3) ("Every person holding an office, employment, or position … (3) with a county, municipality, or other political subdivision of the State or an authority, board, body, agency, district, commission, or instrumentality of the county, municipality, or subdivision … shall have his or her principal residence in this State and shall execute such office, employment or position."). Accordingly, Jane Doe-1 is a citizen of New Jersey.

17.    The Complaint alleges that Jane Doe-2 is a "veteran correctional police officer who lives in Northern New Jersey with her husband and two young children." Compl., ¶ 16. Jane Doe-2 is also a citizen of New Jersey.

18.    Individual Plaintiff Edwin Maldonado ("Maldonado") alleges that he joined the Plainfield, New Jersey police department in 2000. Compl., ¶ 17. He further alleges that in 2005, he joined a task force targeting an alleged gang in the

State of New Jersey. *Id.* Maldonado is a citizen of New Jersey. N.J.S.A. 40A:14-122.8; N.J.S.A. 52:14-7(a)(3).

19.    Individual Plaintiffs Scott Maloney ("S. Maloney") and Justyna Maloney ("J. Maloney") allege that they reside in New Jersey and are police officers with the Rahway, New Jersey Police Department. Compl., ¶ 18. S. Maloney and J. Maloney are New Jersey citizens.

20.    Individual Plaintiff Patrick Colligan ("Colligan") alleges that he is a 32-year veteran of the Franklin Township police department in Somerset, New Jersey. Compl., ¶ 22. Plaintiff Colligan further alleges that that since 2014, he has "served as the President of the New Jersey Policemen's Benevolent Association, representing more than 33,000 active law enforcement offices throughout the state." *Id.* Cooligan is a citizen of New Jersey. *See,* N.J.S.A. 40A:14-122.8; N.J.S.A. 52:14-7(a)(3).

21.    Individual Plaintiff William Sullivan ("Sullivan") alleges that he is an 18-year veteran of the New Jersey Department of Corrections. Compl., ¶ 23. Plaintiff Sullivan further alleges that since 2020, he has served as the President of New Jersey PBA Local 105, the labor union representing thousands of correctional police officers from the new Jersey Department of Corrections, the Juvenile Justice Commission, and State Parole." *Id.* Plaintiff Sullivan is a citizen of New Jersey. *See,* N.J.S.A. 40A:14-122.8; N.J.S.A. 52:14-7(a)(3).

**Plaintiff Atlas' Citizenship**.

22.    Plaintiff Atlas Data Privacy Corporation ("Atlas") alleges that it is a Delaware corporation with offices at "201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302." Compl., ¶ 24. Plaintiff Atlas alleges that it is the assignee of the claims of approximately 12,415 individuals who are all "covered persons" under Daniel's Law …" *Id.* at ¶ 24. It further alleges that these covered persons are "individuals who reside, work or had previously resided or worked in New Jersey." *Id.* at ¶ 26.[2]

23.    "For diversity purposes, the citizenship of the assignee controls." *A.K. v. Fid. Guar. Ins. Underwriters, Inc.,* Civil Action No. 21-20717 (MAS) (JBD), 2023 U.S. Dist. LEXIS 141871, * 8 (D.N.J. Aug. 14, 2023). Atlas is deemed a citizen of Delaware and New Jersey for purposes of diversity. *See, Grand Union Supermarkets of the V.I. v. H.E. Lockhart Mgmt.,* 316 F.3d 408, 410 (3d Cir. 2003) ("A corporation is deemed a citizen 'of any State by which it has been incorporated and of the State where it has its principal place of business.'" (citing, 28 U.S.C. § 1332 (c)). Moreover, to the extent the citizenship of the alleged assignors is relevant, Plaintiffs allege that they are all "Covered Persons" under Daniel's Law and, therefore, upon

---

[2]  Even if some of the covered persons who purportedly assigned their claims to Atlas are "previous" residents of New Jersey, as noted above, the Complaint does not suggest that they are citizens of New Mexico.

information and belief, are citizens of New Jersey. *See,* N.J.S.A. 40A:14-122.8;
N.J.S.A. 52:14-7(a)(3).

24.     Complete diversity is present because all plaintiffs are citizens of a
different State than all Defendants. *See, Johnson v. Smithkline Beecham Corp.,* 724
F.3d 337, 346 (3d Cir. 2013) (complete diversity means that "no plaintiff can be a
citizen of the same state as any of the defendants.")

25.     To the extent that Plaintiffs challenge whether complete diversity exists
here, Fortnoff Financial respectfully requests that it be permitted to conduct limited
jurisdictional discovery. *See, Mejias v. Goya Foods, Inc.,* Case No. 3:20-cv-12365
(BRM) (TJB), 2021 U.S. Dist. LEXIS 99509 (D.N.J. May 26, 2021) (ordering the
parties to conduct limited discovery on the issue of whether diversity existed).

### The Amount in Controversy Exceeds $75,000

26.     For traditional diversity jurisdiction to attach, in addition to complete
diversity, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).
Where at least one Plaintiff's claim satisfies this jurisdictional amount, 28 U.S.C. §
1367 authorizes supplemental jurisdiction over all other Plaintiffs' claims. *See,*
*Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 566 (2005) ("the threshold
requirement of § 1367 (a) is satisfied in cases, like those now before us, where some,
but not all, of the plaintiffs in a diversity action allege a sufficient amount in
controversy.") Where, as here, a complaint "does not include a specific monetary

demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy." *Yucis v. Sears Outlet Stores, LLC,* 813 Fed. Appx. 780, 782 n.2 (3d Cir. 2020) (quoting, *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014)).

27.     In the State Court Action, Plaintiffs purport to bring their claims under Daniel's Law, N.J.S.A. 56:8-166.1. Plaintiff Atlas seeks to bring claims as "assignee" of twelve thousand, four hundred fifteen (12,415) "Covered Individuals." Compl., ¶ 25.

28.     Plaintiffs seek an award of "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each [alleged] violation'" of Daniel's Law. Compl., Prayer for Relief, ¶ B.

29.     Plaintiffs also seek an award of punitive damages, "attorneys' fees, interest (pre and post judgment) and litigation costs incurred." Compl., Prayer for Relief, ¶¶ C and D. Plaintiffs also seek "equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law." *Id.* at ¶ F. Finally, Plaintiffs seek an award of "such

other and further relief against Defendants as the Court deems equitable and just."

*Id.* at, ¶ G.[3]

30.    Daniel's Law provides, in part, that a "person, business, or association" that violates its provisions may be liable to a "covered person," and that the Court shall award:

    (1)    actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;

    (2)    punitive damages upon proof of willful or reckless disregard of the law;

    (3)    reasonable attorney's fees and other litigation costs reasonably incurred; and

    (4)    any other preliminary and equitable relief as the court determines to be appropriate.

N.J.S.A. 56:8-166.1 (c)(1-4).

---

[3]   Fortnoff Financial does not concede (and in fact disputes) that Plaintiffs are entitled to any damages whatsoever. Fortnoff Financial is also not required to allege or show that Plaintiffs are entitled to or could recover any damages or show injury for removal purposes. *See, Farrell v. FedEx Ground Package Sys.,* 478 F.Supp.3d 536, 540 (D.N.J. 2020) (noting that a defendant's Notice of Removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold); *Tidman v. Eminence Hardscapes, LLC,* Civil No. 22-5441 (RMB-AMD), 2023 U.S. Dist. LEXIS 79049 (D.N.J. May 3, 2023) ("The Third Circuit has found that a good faith pleading of the amount in controversy vests a court with diversity jurisdiction, which the court retains even if the plaintiff ultimately cannot prove each count in the complaint or recovers less than the amount in controversy.")

4884-2984-4398.1

31.    Based upon Plaintiff Atlas' allegation that it seeks damages of "not less" than $1,000 in liquidated damages as "assignee" of over twelve thousand "Covered Persons," its individual claims place the amount in controversy at well over $75,000. *See, National Recovery Systems v. Ornstein,* 541 F.Supp. 1131, 1133 (E.D. Pa. 1982) ("Aggregation is permissible even where some or all of the claims have come to plaintiff by way of assignment …"). As noted above, this Court has supplemental jurisdiction over other plaintiffs' claims where, as here, "at least one plaintiff" satisfied § 1332 (a)(1)'s $75,000 amount in controversy requirement. *Exxon Mobil,* 545 U.S. at 549.

32.    Plaintiffs also claim entitlement to punitive damages, attorney's fees, and costs, which, although not required given Plaintiff Atlas' allegations, may also be considered in determining the amount in controversy. *See, Andrews v. Home Depot U.S.A., Inc.,* Civ. No. 03-5200 (DMC) (JAD), 2010 U.S. Dist. LEXIS 138516, *7 (D.N.J. Dec. 29, 2010) (where a plaintiff seeks punitive damages and attorneys' fees, they may be included in calculating the amount in controversy); *Suber v. Chrysler Corp.,* 104 F.3d 578, 585 (3d Cir. 1997) ("Attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.")

33.    Under New Jersey law, a plaintiff requesting punitive damages may seek up to five (5) times the liability found for compensatory damages "or $350,000, whichever is greater." N.J.S.A. 2A:15-5.14 (b).

34.    Plaintiff also seeks broad injunctive relief, which may be considered when determining the amount in controversy. *Barbiero v. Kaufman,* 580 F. App'x 107, 110 (3d Cir. 2014) ("Where, as here, a plaintiff seeks injunctive relief, the amount in controversy is measured by the value of the right sought to be protected by the equitable relief.") (internal citation omitted).

35.    Even if the claims of the assignors are not aggregated, it is plausible that the amount in controversy for the individual Plaintiffs exceeds $75,000. Plaintiffs allege that on or about "December 25, 2023" they asked Fortnoff Financial to cease "the disclosure or re-disclosure on the Internet or wherever Defendants otherwise made [their information] available. Compl., ¶¶ 51, 58. They further allege that, as of the filing of the Complaint over thirty (30) days later, Fortnoff Financial still had not ceased "disclosing or re-disclosing" their information and that each failure "constitute[s] a separate violation under the law." *Id.* at ¶ 60. While Fortnoff Financial disputes that it committed any such violations, Plaintiffs' allegations make it plausible that they are seeking more than $75,000 in actual damages.

36.    Plaintiffs' claim of punitive damages further plausibly demonstrates that they are seeking in excess of $75,000. As noted above, under New Jersey law,

a plaintiff may seek punitive damages in an amount that is five (5) times the liability found for compensatory damages or $350,000, whichever is greater. Given Plaintiffs' allegations that they are entitled to $1,000 in actual damages for an unlimited number of alleged violations over more than thirty days, it is plausible that they are seeking up to $350,000 in punitive damages alone. *See, Huber v. Taylor,* 532 F.3d 237, 244 (3d Cir. 2008) (claims for punitive damages will "generally satisfy the amount in controversy requirement" where "it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.") (internal quotation and emphasis omitted).

37.    Moreover, Plaintiffs seek injunctive relief in the form of appointment of an expert to ensure compliance with Daniel's Law for an unlimited amount of time in the future. Compl., Prayer for Relief, ¶ F. Where a plaintiff seeks injunctive relief, the amount in controversy is determined by "the value of the object of the litigation." *Columbia Gas Transmission Corp. v. Tarbuck,* 62 F.3d 538, 542 (3d Cir. 1995) (quoting *Hunt v. Washington Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977)). The cost of retaining an "independent expert" to ensure compliance for an unspecified time into the future can plausibly far exceed $75,000.

38.    Thus, while Fortnoff Financial disputes all of Plaintiffs' allegations and denies that they are entitled to any damages whatsoever, their allegations – whether

individually or aggregated among Atlas' purported assignors – plausibly demonstrate that the amount in controversy is greater than $75,000.

39.     Because complete diversity exists and the amount in controversy exceeds $75,000, diversity jurisdiction exists and removal is proper under 28 U.S.C. § 1332. This case could also have originally been brought by Plaintiffs in federal court. Any civil action filed in state court may be removed to federal court if the case could have originally been brought in federal court. *In re Briscoe,* 448 F.3d 201, 215 (3d Cir. 2006) ("By statute, a defendant has the right to remove a civil action from state court if the case could have been brought originally in federal court.") (citing, 28 U.S.C. § 1441(a)).

WHEREFORE, Defendant, Fortnoff Financial, LLC, respectfully files this Notice of Removal of the State Court Action to the United States District Court for the District of New Jersey, from the Superior Court of New Jersey Law Division, Mercer County, where the action is now pending, and requests that the State Court Action be removed to this Court and that the Court assume full jurisdiction over the case herein as provided by law.

Dated: March 29, 2024.

Respectfully submitted,

*/s/ J. Timothy McDonald*
J. Timothy McDonald (ID No. 027201990)
Jennifer A. Adler (*Pro Hac Vice Motion* forthcoming)

17

THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
Phone: 404.541.2900
Fax: 404.541.2906
Tim.McDonald@thompsonhine.com
Jennifer.Adler@thompsonhine.com

Steven G. Stranksy (*Pro Hac Vice* Motion
forthcoming)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Phone: 216.566.5500
Fax: 216.566.5800
Steve.Stransky@thompsonhine.com

*Attorneys for Defendant Fortnoff Financial,
LLC*

18

## <u>CERTIFICATION PURSUANT TO D.N.J. LOCAL RULE 11.2</u>

Pursuant to D.N.J. Local Rule 11.2, it is hereby stated that the matter in controversy between the parties is not subject to any other action pending in any other Court or a pending arbitration proceeding other than the state court action removed by this Notice: Case No. MER-L-000284-24 in the Superior Court of New Jersey, Mercer County.

THOMPSON HINE LLP

*/s/ J. Timothy McDonald*
J. Timothy McDonald (ID No. 027201990)

19

4884-2984-4398.1

## CERTIFICATE OF SERVICE

I, J. Timothy McDonald, hereby certify that I caused a true and correct copy of the foregoing **Notice of Removal** to be electronically filed with the Clerk of the District Court for the District of New Jersey using the CM/ECF system, and to be served upon counsel of record as set forth below, via email and Federal Express delivery:

Rajiv D. Parikh
Kathleen Barnett Einhorn
Genova Burns LLC
494 Broad Street
Newark, NJ 07102
rparikh@genovaburns.co,
Keinhorn@genovaburns.com

John A Yanchunis
Morgan & Morgan
201 N. Franklin Street
7th Floor
Tampa, FL 33602
jyanchunis@forthepeople.com

*/s/ J. Timothy McDonald*
J. Timothy McDonald (ID No. 027201990)