# EXHIBIT A



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.814.4045
Web: www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct: 973-535-4446

February 27, 2024

**VIA PROCESS SERVER**

Fortnoff Financial LLC
c/o San Diego Corporate Law
A Professional Law Corporation
4655 Cass Street, Suite 407
San Diego, CA 92109

Re:  **Atlas Data Privacy Corp. v. Fortnoff Financial LLC, et al.,**
     **Docket No.: MER-L-000284-24**

Dear Sir/Madam:

This firm represents plaintiffs with regard to the above-referenced matter.  Enclosed for service pursuant to the Rules of Court, please find the following:

1. Summons;
2. Document Preservation Notice;
3. First Request for the Production of Documents;
4. First Set of Interrogatories;
5. Complaint;
6. Track Assignment Notice;
7. Case Information Sheet.

Please be guided accordingly.

Very truly yours,

**GENOVA BURNS LLC**

_s/ Rajiv D. Parikh_
RAJIV D. PARIKH

RDP:dmc
Enc.

**GENOVA BURNS LLC**
Rajiv D. Parikh, Esq. (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,*<br><br>Plaintiffs,<br>v.<br><br>FORTNOFF FINANCIAL LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000284-24<br><br>**CIVIL ACTION**<br><br>**SUMMONS** |

**FROM THE STATE OF NEW JERSEY TO:**

To the Defendants Named Above:

The plaintiffs named above (and identified in the enclosed Complaint) have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with

fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal services Offices and Lawyer Referral services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

*/s/ Michelle M. Smith*
MICHELLE M. SMITH, ESQ.
Clerk of the Superior Court

Dated: February 27, 2024

Name and Address of Defendants to be Served:

Fortnoff Financial LLC
c/o San Diego Corporate Law
A Professional Law Corporation
4655 Cass Street, Suite 407
San Diego, CA 92109



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.814.4045
Web: www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct: 973-535-4446

February 27, 2024

Fortnoff Financial LLC
c/o San Diego Corporate Law
A Professional Law Corporation
4655 Cass Street, Suite 407
San Diego, CA 92109

Re:    **Atlas Data Privacy Corp. v. Fortnoff Financial LLC, et al.,**
          **Docket No.: MER-L-000284-24 – Document Preservation Notice**

We represent Atlas Data Privacy Corporation and the Individual Plaintiffs ("Plaintiffs") identified in the enclosed complaint ("Complaint") and summons asserting claims under Daniel's Law, P.L. 2023, c. 113 (N.J.S.A. 56:8-166.1), against the named defendants ("the Defendants").

The purpose of this letter (the "Notice") is to remind Defendants of their present and ongoing obligations to preserve and retain all materials potentially relevant to any of the allegations made by Plaintiffs in the Complaint (the "Dispute").

This includes without limitation hard copies and electronically stored information ("ESI"), such as emails, text messages, messages on instant messaging platforms, and materials stored in or transferred via cloud storage.

This document preservation notice should be read broadly consistent with Defendants' obligations under Rule 4:18-1 and all other applicable rules governing preservation and discovery.

Pursuant to Defendants' preservation obligations, Defendants must immediately take steps to preserve all hard copy documents and ESI relevant to the Dispute, including without limitation:

(a)    suspending Defendants' data destruction and backup tape recycling policies;

(b)    suspending any overwriting or update processes related to any ESI unless a copy of each version is maintained;

(c)    preserving relevant software, including legacy software (unless an exact copy or mirror image is made and stored) and hardware that is no longer in service but was in service during any part of the relevant time period (back to the



Fortnoff Financial LLC
February 27, 2024
Page 2

enactment of Daniel's Law), and CVS source or other version control repositories;

(d) retaining and preserving necessary information to access, review and reconstruct (if necessary) relevant electronic data, including identification codes and passwords, decryption applications, decompression software, reconstruction software, network access codes, manuals, and user instructions;

(e) retaining and preserving all ESI related to the Dispute on personal devices (including for example and without limitation computers, phones, and tablets used by Defendants' employees, contractors, and agents);

(f) retaining and preserving all Slack, WhatsApp, Viber, Signal, Telegram, and other instant messages and chats (including without limitation changing default settings on instant message programs to ensure those records are preserved);

(g) any other reasonable steps necessary to prevent the destruction, loss, override or modification of relevant data either intentionally or inadvertently, such as through implementation of Defendants' document retention policies

This list is not exhaustive, and Defendants have independent obligations to identify and preserve all relevant information. All ESI must be preserved intact and without modification.

The following is a non-exhaustive list of relevant information that should be preserved (with documents defined broadly to include without limitation all communications, including emails, text messages, and other communications):

- All documents concerning any of the allegations in the Complaint.

- All documents concerning Daniel's Law.

- All documents concerning Atlas.

- All documents concerning any of the Individual Plaintiffs.

- All documents concerning this litigation.

- All documents concerning any Daniel's Law Requests (as defined in N.J.S.A. 56:8-166.2).



Fortnoff Financial LLC
February 27, 2024
Page 3

- All documents concerning Defendants' receipt of any Daniel's Law Requests.

- All documents concerning Defendants' response to any Daniel's Law Requests.

- All documents concerning Defendants' analysis of any Daniel's Law Requests.

- All documents concerning the disclosure of any home address and/or unpublished home telephone numbers, including without limitation on the website(s) identified in the Complaint after the receipt of any Daniel's Law Requests.

- All documents concerning Defendants' compliance process in connection with any Daniel's Law Requests, including Defendants' failure to comply.

This preservation should include all data and records relevant to assessing Defendants' compliance with Daniel's Law following the receipt of any Daniel's Law Requests, including for example data and records demonstrating any Defendant (or other responsible entity or individual) disclosing or re-disclosing on the Internet (including without limitation with the identified website(s)) or otherwise making available the home address and/or unpublished home telephone numbers of any person who sent any Daniel's Law Request. Plaintiffs expect that Defendants will preserve data and records concerning each and every violation of Daniel's Law, both for purposes of calculating statutory damages and for purposes of evaluating injunctive relief.

This list is not exhaustive, and Defendants each must conduct an investigation and preserve all information potentially relevant to the Dispute, including all information from any individual who has documents potentially relevant to the Dispute.

Defendants must also take reasonable steps to preserve all hard copy documents and ESI relevant to the Dispute that are not in their possession but are in their custody or control. Documents and ESI in the possession of non-parties that is within Defendants' custody or control must also be preserved intact and without modification.

Preservation of ESI includes preservation not only of the electronic information itself (whether stored online, offline, in a cloud-based server or in other electronic storage, or on any computers, handheld devices, tablets, cell phones or other devices, whether or not in Defendants' possession), but also of relevant related data, including without limitation:

(a)    active, archived and deleted copies of electronic information, such as e-mails, voicemails, text messages, instant messages (for example, Slack



Fortnoff Financial LLC
February 27, 2024
Page 4

messages), calendars, diaries, word processing files, spreadsheets, PDFs, JPEGs, PowerPoint presentations, Google Drive files, Dropbox files, videoconferencing (e.g., Zoom) recordings and files, temporary internet files, cookies, and .ZIP files, among others;

(b)     databases, including Dropbox, Box, Planbox, Visual Studio Team Services, Amazon RDS, Google Cloud, Microsoft Access or Azure, and SQL systems;

(c)     metadata about the electronically stored information, including the date that it was created and last modified, and the individual(s) that created and modified it.

This list is not exhaustive, and Defendants must preserve all information potentially relevant to the Dispute. Defendants' failure to preserve relevant ESI may constitute spoliation of evidence and subject Defendants to monetary and other sanctions. Plaintiffs reserve all rights in connection with any spoliation by Defendants. We trust that Defendants will preserve all relevant hard copy documents and ESI for the duration of the Dispute.

Please also maintain records of Defendants' efforts to comply with their preservation obligations. If a dispute arises out of Defendants' failure to preserve documents, Plaintiffs will rely on this letter as evidence of their request and reminder of Defendants' preservation obligations.

Thank you for your cooperation. If you have questions, please contact me.

Sincerely,

**GENOVA BURNS LLC**

_s/ Rajiv D. Parikh_

**RAJIV D. PARIKH**

RDP:dmc
enc.

**GENOVA BURNS LLC**
Rajiv D. Parikh, Esq. (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORTNOFF FINANCIAL LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000284-24<br><br>**CIVIL ACTION**<br><br>**PLAINTIFFS' FIRST REQUEST TO DEFENDANT FOR PRODUCTION OF DOCUMENTS** |

TO:    FORTNOFF FINANCIAL LLC

PLEASE TAKE NOTICE that the undersigned, attorneys for plaintiffs, hereby demands that each Defendant produce and/or permit Plaintiffs or someone acting on Plaintiffs' behalf to inspect and copy the following designated documents at the offices of Genova Burns LLC, within the manner and within the time prescribed by the Rules of Court of the State of New Jersey.

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

By: ___*/s/ Rajiv D. Parikh*___
        Rajiv D. Parikh

DATED: February 27, 2024

## INSTRUCTIONS

A.    If you assert a privilege or work-product immunity as a ground for non-production of any document requested, please produce all documents over which you are not asserting any such privilege or immunity, and in addition, set forth as to each document over which a privilege is claimed:

(1)    the date of the document;

(2)    the type of document (e.g., letter, memorandum, chart, etc.);

(3)    the names and addresses of all authors and recipients of the document and the employer and business or legal title of each author or recipient;

(4)    a detailed explanation of why the privilege or immunity is deemed applicable, including sufficient facts for the Court to make a full determination of whether your assertion is valid; and

(5)    the present location of the document and the name and address of its custodian.

B.    This Request for Production shall be deemed continuing so as to require supplemental responses if you obtain or discover additional documents between the time your responses are served and the time of trial.

C.    In producing documents in compliance with this Request, produce all documents which are available to you, including documents in the custody, possession or control of your attorney or investigators for your attorney, and not merely such documents known to exist to your own personal knowledge. If you do not comply in full with the following Request for Production due to the non-existence of the documents(s) sought, so state in writing, specifying the reason for your inability to produce such documents(s).

D.    In producing documents in compliance with this Request, collate and identify each

document by the numbered Request(s) for Production to which each document is produced. If any particular document produced is responsive to more than one numbered Request for Production, identify each numbered Request to which said document is responsive.

## DEFINITIONS

A.    "And" and "or" as used herein shall have the same meaning, that is, the disjunctive meaning of "or." The listing of terms separated by commas, semi-colons, the word "and" or the word "or" shall be deemed to require a response to each and every term listed.

B.    "Atlas" means Atlas Data Privacy Corporation ("Atlas") who is a Plaintiff and assignee of individuals who are covered persons under Daniel's Law as further alleged in the Complaint.

C.    "Daniel's Law" means the law enacted in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.

D.    "Daniel's Law Request" means any request pursuant to Daniel's Law (N.J.S.A. 56:8-166.2) to refrain from disclosing, re-disclosing, or otherwise making available protected information and/or remove protected information from the Internet or where otherwise made available.

E.    "Defendant" refers to each and every defendant identified in the Complaint and shall also include any and all agents, officers, directors, attorneys, employees, contractors, predecessors in interest, parents, subsidiaries, affiliates, assigns, successors, and representatives of any/all of them, or other persons acting on its respective or collective behalf.

F.    "Describe," "set forth" and "state" all mean to state the substance of the event,

circumstances, facts, communications, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communications employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired, setting forth the underlying facts rather than ultimate conclusions.

G.    "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any written, reported, filmed, magnetically stored, or graphic matter, or record of any type or description, whether produced, reproduced or producible on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, including but not limited to emails, memoranda, notes, minutes, records, photographs, computer programs, correspondence, telegrams, diaries, bookkeeping entries, specifications, source code, object code, flow charts, financial statement, charts, studies, reports, graphs, statements, notebooks, handwritten notes, applications, feasibility studies, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies which are different in any way from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received, or otherwise, and drafts, which are in the possession, custody or control of the present or former agents, officers, directors, representatives, employees, or attorneys of Defendant, or all persons acting on Defendant's behalf, including documents at any time in the possession, custody or control of such individuals or entities who are known by Defendant to exist. Include also any catalog, brochure or any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, stored, transcribed, punched, taped, filed or

graphic matter however produced or reproduced, to which Defendant has or have had access.

H.    "Identify," or "identification" mean, when used in reference to:

(1)    a natural person, his or her:

(a)    full name;

(b)    present or last known home address (including street name and number, city or town, state, zip code, and telephone number);

(c)    present or last known business address (including street name and number, city or town, state, zip code, and telephone number);

(d)    present or last known occupation, position, business affiliation, and job description;

(e)    occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered.

(2)    a company, corporation, association, partnership or legal entity other than a natural person:

(a)    its full name;

(b)    a description of the type of organization or entity;

(c)    the full address (including street name and number, city or town, state, zip code, and telephone number) of its principal place of business;

(d)    the jurisdiction of incorporation or organization.

(3)    a document:

(a)    its description (for example, letter, memorandum, report);

(b)    its title (e.g., letter, memorandum, telegram, chart, etc.)

(c)    its date;

(d)     the number of pages thereof;

(e)     its subject;

(f)     the identity of its author, signatory or signatories, and any person who participated in its preparation;

(g)     the identity of its addressee or recipient;

(h)     the identity of each person to whom copies were sent and each person by whom copies were received;

(i)     its present location; and

(j)     the identity of its present custodian.

(If any such document was, but is no longer, in the possession of or subject to the control of Defendant, state what disposition was made of it and when).

(4)     a communication or statement:

(a)     the date and time when it occurred;

(b)     the place where it occurred;

(c)     the complete substance of the communication;

(d)     the identity of each person; (1) to whom such communication was made; (2) by whom such communication was made; and (3) who was present when such communication was made;

(e)     if by telephone: (1) the identity of each person: (i) who made each telephone call; and (ii) who participated in each call; and (2) the place where each person participating in the telephone call was located;

(f)     the identity of all documents memorializing, referring to or

relating in any way to the subject of the communication.

I.     "Individual Plaintiffs" means the Plaintiffs identified in the Complaint other than Atlas and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

J.     "Plaintiff" means the Plaintiffs identified in the Complaint and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

K.     "Person" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

L.     "You" and "Your" refers to each Defendant responding to these requests, with the term Defendant broadly defined above.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all documents concerning any of the allegations in the Complaint.

2. Any and all documents concerning Daniel's Law.

3. Any and all documents concerning Atlas.

4. Any and all documents concerning any of the Individual Plaintiffs.

5. Any and all documents concerning this litigation.

6. Any and all documents concerning any Daniel's Law Requests.

7. Any and all documents concerning Defendants' receipt of any Daniel's Law Requests.

8. Any and all documents concerning Defendants' response to any Daniel's Law Requests.

9. Any and all documents concerning Defendants' analysis of any Daniel's Law Requests.

10. Any and all communications and documents regarding communications with any of the Individual Plaintiffs, Atlas, or any other Covered Person.

11. Any and all documents concerning the disclosure of any home address and/or unpublished home telephone numbers, including without limitation on the website(s) identified in the Complaint after the receipt of any Daniel's Law Requests.

12. Any and all documents concerning Defendants' compliance process in connection with any Daniel's Law Requests, including Defendants' failure to comply.

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

By: ___*/s/ Rajiv D. Parikh*___
     Rajiv D. Parikh

DATED: February 27, 2024

## CERTIFICATION

I hereby certify on behalf of _____ that I have reviewed the document production requests and that I have made or caused to be made a good faith search for documents responsive to the requests. I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on ( ) my personal knowledge and/or ( ) information provided by others. I acknowledge my continuing obligation to make good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them.

_____

DATED:

**GENOVA BURNS LLC**
Rajiv D. Parikh, Esq. (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORTNOFF FINANCIAL LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000284-24<br><br>**CIVIL ACTION**<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

TO:    FORTNOFF FINANCIAL LLC

PLEASE TAKE NOTICE that the undersigned attorneys for Plaintiffs hereby request that

Defendants answer the following Interrogatories within the manner and within the time prescribed

by the Rules of this Court of the State of New Jersey.

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

By:    /s/ *Rajiv D. Parikh*
Rajiv D. Parikh

DATED: February 27, 2024

## INSTRUCTIONS

A.    If any Interrogatory is not answered in full, state the precise reason for failing to complete the answer. If a legal objection is made with respect to any Interrogatory, you should set forth the specific reasons for such objection. If your response to all or part of any Interrogatory is incomplete or not known at the time your initial response is made, please (a) include an explicit statement to that effect in your response, designating that it is incomplete and providing the reasons or grounds for any omissions or refusals or inabilities to complete the response; (b) furnish the information that is known or available; and (c) respond to the Interrogatory by amended or supplemental response in writing under oath within 20 days of the date on which the supplemental information becomes known or available.

B.    If you are withholding information requested by any Interrogatory or any portion of an Interrogatory upon a claim that it is privileged or subject to protection as trial preparation material, pursuant to R. 4:10-2(e), make the claim expressly in your written response, identifying the privilege or protection you are claiming, and provide sufficient information about the documents, communications, information, or other items not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable all parties to assess the applicability of the privilege or protection, including identifying the following information in a separate privilege log:

(1)    the nature of the privilege or protection claimed;

(2)    a statement of the basis for the claim of privilege or protection;

(3)    whether, as to the information requested, (i) any document exists, and/or (ii) any oral communications took place;

(4)    a description of the document, oral communication, or other item/information, including:

(a)    For documents: (i) the type of document, *e.g.*, letter or memorandum or e-mail; (ii) the general subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation; (iii) the date of the document; (iv) the author of the document, the addressees of the document, and any other recipients, including each person who was sent or shown blind or carbon copies of the such, or has had access to or custody of such, and, where not apparent, the relationship of the author, addressees, and recipients to each other; and (v) the number of pages, attachments, and appendices;

(b)    For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication; and

(c)    The present custodian of the document, oral communication, or other item/information.

C.    In answering these interrogatories, furnish all information which is available to you, including non-privileged information in the possession of your attorneys, representatives, or investigators for your attorneys, and not merely such information known of your personal knowledge. If you cannot answer the following Interrogatories in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions. This means:

(1)    When answering the following Interrogatories, provide any and all

information either in your possession, under your control, within your dominion, or available to you, regardless of whether this information is in your personal possession, or is possessed by your agents, servants, employees, independent contractors, representatives, or others with whom you have or had a relationship and are capable of deriving information, documents, or materials; and

     (2)    If you do not have personal knowledge of the information contained in any of your answered to the below Interrogatories, you should state that your answer is not verified by personal knowledge and identify the person(s) from whom the information was obtained or, if the source of the information is documentary, provide a full description of the documents, including the location thereof.

D.    If any answers to these Interrogatories are made based on information that was not within your personal knowledge, provide the name and address of every person from whom you received such information.

E.    Where an interrogatory calls for identification of any paper, you are to attach a copy of such paper to your answers to these Interrogatories in addition to providing a written response to the Interrogatory, pursuant to R. 4:17-4, and you are to provide an explicit reference to each Interrogatory to which each document(s) is responsive.

F.    These Interrogatories are to be continuing until the date of trial and any information secured subsequent to the filing of your answers, which would have been included in the answers had it been known or available, is required to be supplied by filing further and supplemental answers.

G.    Pursuant to R. 4:17-7, if you obtain information that renders your answers to these interrogatories incomplete or inaccurate, you must serve amended answers not later than twenty (20) days prior to the end of the discovery period.

H.    The fact that another party produced information requested in any particular Interrogatory, or that the requested information or similar or identical information is available from another source, or that the requesting party already has knowledge of the matter on which it is seeking discovery, does not relieve Plaintiff of his obligation to produce his response to each Interrogatory herein.

## DEFINITIONS

A.    "And" and "or" as used herein shall have the same meaning, that is, the disjunctive meaning of "or." The listing of terms separated by commas, semi-colons, the word "and" or the word "or" shall be deemed to require a response to each and every term listed.

B.    "Atlas" means Atlas Data Privacy Corporation ("Atlas") who is a Plaintiff and assignee of individuals who are covered persons under Daniel's Law as further alleged in the Complaint.

C.    "Daniel's Law" means the law enacted in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.

D.    "Daniel's Law Requests" means any request pursuant to Daniel's Law (N.J.S.A. 56:8-166.2) to refrain from disclosing, re-disclosing, or otherwise making available protected information and/or remove protected information from the Internet or where otherwise made available.

E.    "Defendant" refers to any defendant Identified in the Complaint and shall include any and all agents, officers, directors, attorneys, employees, contractors, predecessors in interest, parents, subsidiaries, affiliates, assigns, successors, and representatives of any/all of them, or other

persons acting on its respective or collective behalf.

F.    "Describe," "set forth" and "state" all mean to state the substance of the event, circumstances, facts, communications, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communications employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired, setting forth the underlying facts rather than ultimate conclusions.

G.    "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any written, reported, filmed, magnetically stored, or graphic matter, or record of any type or description, whether produced, reproduced or producible on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, including but not limited to emails, memoranda, notes, minutes, records, photographs, computer programs, correspondence, telegrams, diaries, bookkeeping entries, specifications, source code, object code, flow charts, financial statement, charts, studies, reports, graphs, statements, notebooks, handwritten notes, applications, feasibility studies, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies which are different in any way from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received, or otherwise, and drafts, which are in the possession, custody or control of the present or former agents, officers, directors, representatives, employees, or attorneys of Defendant, or all persons acting on Defendant's behalf, including documents at any time in the possession, custody or control of such individuals or entities who are known by Defendant to exist. Include also any

catalog, brochure or any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, stored, transcribed, punched, taped, filed or graphic matter however produced or reproduced, to which Defendant has or have had access.

    H.    "Identify," or "identification" mean, when used in reference to:

        (1)    a natural person, his or her:

            (a)    full name;

            (b)    present or last known home address (including street name and number, city or town, state, zip code, and telephone number);

            (c)    present or last known business address (including street name and number, city or town, state, zip code, and telephone number);

            (d)    present or last known occupation, position, business affiliation, and job description;

            (e)    occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered.

        (2)    a company, corporation, association, partnership or legal entity other than a natural person:

            (a)    its full name;

            (b)    a description of the type of organization or entity;

            (c)    the full address (including street name and number, city or town, state, zip code, and telephone number) of its principal place of business;

            (d)    the jurisdiction of incorporation or organization.

        (3)    a document:

            (a)    its description (for example, letter, memorandum, report);

(b)    its title (e.g., letter, memorandum, telegram, chart, etc.)

(c)    its date;

(d)    the number of pages thereof;

(e)    its subject;

(f)    the identity of its author, signatory or signatories, and any person who participated in its preparation;

(g)    the identity of its addressee or recipient;

(h)    the identity of each person to whom copies were sent and each person by whom copies were received;

(i)    its present location; and

(j)    the identity of its present custodian.

(If any such document was, but is no longer, in the possession of or subject to the control of Defendant, state what disposition was made of it and when).

(4)    a communication or statement:

(a)    the date and time when it occurred;

(b)    the place where it occurred;

(c)    the complete substance of the communication;

(d)    the identity of each person; (1) to whom such communication was made; (2) by whom such communication was made; and (3) who was present when such communication was made;

(e)    if by telephone: (1) the identity of each person: (i) who made each telephone call; and (ii) who participated in each call; and (2) the place where each person participating in the telephone call

was located;

(f)  the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

I.  "Individual Plaintiffs" means the Plaintiffs identified in the Complaint other than Atlas and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

J.  "Plaintiff" means the Plaintiffs identified in the Complaint and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

K.  "Persons" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

L.  "You" and "Your" refers to each Defendant responding to these interrogatories, with the term Defendant broadly defined above.

## INTERROGATORIES

1.      Please provide detailed information regarding all persons (including all companies and individuals, with contact information) that since receiving any Daniel's Law Request have had any ownership, controlling interest, or agency over each of the websites listed in Plaintiffs' Complaint.

2.      Please identify every source of home addresses and/or unpublished home telephone numbers that you own, have a controlling interest in, or otherwise have any agency over, including without limitation all such Internet websites (by name and URL) and any other way in which such information is made available.

3.      Please describe in detail all ways in which you have obtained (and in the future obtain) and have disclosed or made available (and in the future disclose or make available) any home addresses or unpublished home telephone numbers, including without limitation by identifying all upstream and downstream sources and recipients of such data including, but not limited to any websites, URLs, databases, entities, and individuals.

## CERTIFICATION

I hereby certify that the foregoing answers to answers to interrogatories are true. I am aware that if any of the following statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of any documents annexed hereto and provided herein are exact copies; that the existence of any other documents are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

_____

DATED:

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs Atlas Data Privacy
Corporation, Jane Doe-1, a law
enforcement officer, Jane Doe-2, a law
enforcement officer, Edwin Maldonado,
Scott Maloney, Justyna Maloney, Patrick
Colligan, and William Sullivan*

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and WILLIAM SULLIVAN, <br><br>　　　　　　Plaintiffs, <br><br>　　　v. <br><br>FORTNOFF FINANCIAL LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br>　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000284-24 <br><br>**CIVIL ACTION** <br><br>**AMENDED COMPLAINT** |

Plaintiffs Atlas Data Privacy Corporation ("Atlas") as the assignee of individuals who are

Covered Persons under Daniel's Law along with Jane Doe-1 (a law enforcement officer), Jane

Doe-2 (a law enforcement officer), Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick

Colligan, and William Sullivan (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit this Complaint against Defendants and state as follows:

## INTRODUCTION

1.  In these tumultuous times, it is critical that the most sensitive personal information of those who serve the public be protected from unwarranted disclosure. As set forth below, Daniel's Law was passed unanimously by our Legislature to provide judges, law enforcement officers, and prosecutors – and their families – with the right to prevent the disclosure of their home addresses and unpublished home telephone numbers, and to enforce those rights against uncooperative profit-seeking data brokers.

2.  This complaint seeks to protect those important rights, against companies brokering data and choosing profit and personal gain over a critical public interest and the unequivocal mandate of the law. Companies in the business of disclosing this protected information have avoided accountability for far too long, proffering such information, including home addresses and unpublished home telephone numbers, without sufficient regard for the risks and consequences imposed upon individuals who serve critical judicial and law enforcement roles.

3.  The Legislature and Governor unanimously agree that the basic safety of those who serve – and their families – must be assured. Here, not only do the data brokers wantonly and repeatedly disregard the law, but they also demonstrate a callousness towards the well-being of those who serve. Our judges, law enforcement officers and prosecutors should receive the full measure of protection afforded to them under the same laws they enforce for the safety of all citizens.

4.  With this action, Plaintiffs seek to enforce the important rights granted to judges, law enforcement officers, and prosecutors under Daniel's Law. Consistent with the statutory provisions, Atlas brings this action as an assignee for certain individuals, including many family

members of law enforcement officers and prosecutors.  Plaintiffs seek all available injunctive relief

and statutory damages, including to prevent any further disclosure by Defendants of information

in violation of Daniel's Law.

## BACKGROUND

### Passage of Daniel's Law in New Jersey

5.     In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was shot dead

by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home.

Daniel, who was just age 20 and a rising junior in college, and who aspired to practice law like his

parents, took a bullet to his chest trying to protect his parents.  By the time his mother, a Judge,

came to the door to check on what happened, the killer was gone.  But her husband was critically

wounded, and Daniel tragically died from the gunshot.

6.     During the investigation, the perpetrator was found to have certain political and

personal grievances against the Judge, and went to their home that day intending to kill her.

Instead, he murdered the Judge's son and almost succeeded in killing her husband as well.

Investigators eventually connected this attack with another shooting of an attorney in California,

who was similarly mortally gunned down answering the door to his residence to pick up a supposed

package from the same disguised gunman.  Authorities concluded that the shooter was disgruntled

over certain legal cases with similar political and legal issues to what was pending before Daniel's

mother.

7.     Critically, the gunman was able to find the home addresses of both of his murder

victims through the various people finder resources available on the internet,[1] the same kind of

data broker services at issue in this case.

---

[1] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

**New Jersey Passes Daniel's Law in 2020**

8.     In response to the shooting of Daniel, New Jersey enacted Daniel's Law within a few months, in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person. Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than those of Judges and prosecutors.

9.     Any such covered person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed." Data brokers must cease disclosure of this protected information within 10 business days of receiving a nondisclosure request from a covered person.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

10.     Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law. The Chief Justice was quoted stating, "[t]he law requires every judge to swear an

oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety ... [a] judicial system cannot and should not live in fear."[2]

11.     The federal bill, which had broad bipartisan support in both the House and Senate, protected judges' personally identifiable information from resale by data brokers. It allowed federal judges to redact their personal information displayed on federal government internet sites.

12.     The U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[3] and it was signed by President Biden.[4]

### Violence Against Police Officers and Judges Has Not Stopped

13.     Judges, law enforcement officers, and prosecutors put their lives on the line every day, which is clearly exhibited by numerous horrific stories of violence beyond the story of the murder of Daniel Anderl. For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers and their 10-day old infant. That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[5]

14.     More recently, another perpetrator hunted and killed in cold blood a Maryland Judge, after a child custody ruling.[6] The killing followed that of a Wisconsin Judge in 2022, where the perpetrator killed the retired Judge out of spite for his handling of a criminal case in 2005.[7]

---

[2] https://www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report.
[3] https://www.uscourts.gov/news/2022/12/16/congress-passes-daniel-anderl-judicial-security-and-privacy-act.
[4] https://www.nj.com/politics/2022/12/biden-signs-defense-policy-bill-that-remembers-3-new-jerseyans.html.
[5] Shooters Open Fire On Home Of New Jersey Police Officers In 'Targeted Attack,' Chief Says (forbes.com).
[6] Judge Andrew Wilkinson: Suspect still on the run after killing a judge at his home in a 'targeted attack' following a child custody ruling, sheriff says | CNN.
[7] Former Judge John Roemer was killed in his Wisconsin home in a targeted attack, officials say | CNN.

## THE PARTIES

### The Individual Plaintiffs

15.    Plaintiff JANE DOE-1, whose name has been anonymized for safety reasons, is a decorated veteran police officer working in Northern New Jersey. Between 2021 and 2022, Officer Doe-1 participated in a task force that targeted a major criminal organization operating in the state. Her efforts ultimately led to the arrest and prosecution of a member of the organization's leadership, an individual with an extensive criminal history including threats of violence. In the subsequent investigation, digital devices recovered from the organization's leadership were analyzed and photographs of Officer Doe-1's personal residence were identified. Officer Doe-1 lives in the home with her spouse and their young child. Evidence recovered in the investigation included night-time photography of the young child's bedroom and playroom windows, with the light on while the child was playing inside. Further investigation revealed that the criminal organization's leadership had hired a private investigator who searched online data broker websites to obtain the officer's home address. Having identified her home address, text messages confirmed that they had initiated surveillance and were tracking Officer Doe-1's movements to and from her home, immediately prior to the task force initiating arrests.

16.    Plaintiff JANE DOE-2, whose name has been anonymized for safety reasons, is a veteran correctional police officer who lives in Northern New Jersey with her husband and two young children. Earlier in her career, Officer Doe-2 was the subject of a death threat from a hostile inmate. The inmate stated that they intended to kill Officer Doe-2, and further implied that they would rely upon a particular private investigator to track down Officer Doe-2's home address to facilitate the murder. This death threat was investigated and considered credible enough to result in a successful criminal prosecution. Part of Officer Doe-2's current duties include working in her

correctional facility's law library, where inmates have access to the Internet including online data broker websites and services. Recently Officer Doe-2 and her coworkers discovered a note left behind by an inmate which included the full name and home address of a young female member of the jail's administrative staff. The most effective ways to safeguard the security and privacy of their home addresses - for their own safety and that of their family members - is a frequent topic of discussion and concern among the correctional police officers working at Officer Doe-2's facility.

17.    Plaintiff Officer EDWIN MALDONADO joined the Plainfield, New Jersey police department as a patrol officer in 2000. After a few months on the job, he was assigned to street crimes, where he excelled at field work. In 2005, he became a Detective with Plainfield's major crimes unit and joined a Federal task force targeting the Mara Salvatrucha-13 (MS-13) gang in New Jersey. He worked with the task force for the next two years. During that time period, he received multiple credible death threats from MS-13 members. Detective Maldonado did not believe he would be able to safeguard his home address while living in Plainfield and relocated his family to a remote location from which he commuted to work. In 2009, because his relocation effort had been successful and MS-13 could not locate his new home address, gang members targeted Detective Maldonado's mother instead. They intended to burn down her building with her inside, but set fire to an adjacent building by mistake. Phone calls between MS-13 members discussing the premeditated murder of Detective Maldonado and his family, and the premeditated murder of Detective Maldonado's mother, were intercepted by jail wiretaps. Later in multiple criminal trials, evidence was entered into the record regarding these intercepted conversations and premeditated murders, contributing to numerous successful prosecutions.

18.    Plaintiffs Sergeant SCOTT MALONEY ("Sergeant Maloney") and Officer JUSTYNA MALONEY ("Officer Maloney") are husband and wife, both veteran police officers currently serving with the Rahway, New Jersey Police Department. They live together in New Jersey with their two young children. In April of 2023, Officer Maloney responded to a routine call of a suspicious individual outside the Motor Vehicle Commission in Rahway. The individual was an online content creator who often solicits police contact and then films himself debating constitutional rights with the responding officers. A subset of the content creator's audience is vocally anti-police and videos posted to his social media channel have historically been the source of harassment and intimidation campaigns directed at the officers involved. In this case, Officer Maloney and several other responding officers were filmed discussing a number of legal issues with the content creator, including whether or not the content creator was required to take his hands out of his pockets to show that he was unarmed. Overall, the encounter was routine and ended uneventfully.

19.    The resulting video footage was selectively edited and posted to YouTube. Almost immediately upon the video being posted, Officer Maloney was targeted by followers of the channel and other individuals who viewed the video. Sergeant Maloney was quickly identified by viewers as Officer Maloney's husband, and became a target himself, due to their relationship as a married couple and his own status as a police officer. Web links to data broker websites publicly disclosing the Maloney family's home address and unpublished home telephone numbers were posted along with explicit death threats and calls for violence, resulting in dozens of threatening phone calls and text messages.

20.    One of the text messages sent to Sergeant Maloney demanded money and stated that if Sergeant Maloney did not comply then his family would "pay in blood." The unknown

messenger went on to state that they knew where the Maloneys lived and sent the full name and home address of one of the Maloneys' nearby relatives as proof of the messenger's ability to gather sensitive personal information. Sergeant Maloney refused to comply with any demands. He then received a video of three individuals in ski masks armed with handguns and assault rifles repeating the extortion demand. In part of the video, a masked individual points a rifle at the camera and tells Sergeant Maloney that his family is "going to get [their] heads cut off."

21.    Several weeks later, one of the Maloneys' neighbors observed two suspicious looking individuals in ski masks parked one block away from the home and alerted police. Responding officers arrested two men - who were armed - for unlawful possession of a firearm. Video surveillance captured by nearby houses shows the two men circling the Maloneys' house immediately prior to their arrest. Officer Maloney and her two young children were at home at the time.

22.    Plaintiff Detective PATRICK COLLIGAN is a 32-year veteran of the Franklin Township police department in Somerset, New Jersey. Since 2014, Detective Colligan has served as the President of the New Jersey State Policemen's Benevolent Association, representing more than 33,000 active law enforcement officers throughout the state. During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service. The seriousness of certain threats necessitated the installation of a surveillance camera system and alarm system, and training for his spouse and children about how to respond in the event of an attack on their home.

23.    Plaintiff Officer WILLIAM SULLIVAN is an 18-year veteran of the New Jersey Department of Corrections. Since 2020, Officer Sullivan has served as the President of New Jersey PBA Local 105, the labor union representing thousands of correctional police officers from the

New Jersey Department of Corrections, the Juvenile Justice Commission, and State Parole. During

the course of his law enforcement career, he has received numerous threats of violence directed at

him and his family as a result of his public service. Inmates incarcerated within New Jersey's state

prisons frequently attempt to discover the protected information of correctional officers working

in their facility. These attempts and the risks posed by such information being accessible on the

Internet is a frequent topic of discussion and concern among correctional officers and their family

members. Officer Sullivan has counseled many officers whose protected information has been

discovered and has responded to specific incidents where protected information was used by ex-

inmates to threaten, harass, or intimidate fellow officers.

### Plaintiff Atlas and its Assignors

24.      Plaintiff ATLAS DATA PRIVACY CORPORATION is a Delaware corporation,

with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

25.      As permitted under Daniel's Law, Atlas asserts claims against Defendants as the

assignee of the claims of approximately 12,415 individuals who are all "covered persons" under

Daniel's Law (together, the "Covered Persons"), including a significant number of individuals who

are family members of judges, law enforcement officers, and prosecutors.

26.      The Covered Persons include individuals who reside, work or had previously

resided or worked in New Jersey, and qualify as "covered persons" as that term is defined under

Daniel's Law, each of whom have claims against Defendants for failing to comply with Daniel's

Law.

27.      As set forth in more detail below, the Covered Persons (as well as the Individual

Plaintiffs) each exercised their rights under Daniel's Law by sending Defendants a written notice

requesting that Defendants cease disclosing or re-disclosing on the Internet or otherwise making

available their protected information on one or more of Defendants' websites or through other methods of disclosure.

28.    Defendants have not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available of protected information as required under Daniel's Law for each of the Covered Persons (as well as each of the Individual Plaintiffs) as required by the law.

29.    In accordance with Daniel's Law, each of the Covered Persons has assigned their rights for claims thereunder against Defendants to Atlas.

30.    Atlas provides an online platform, including an email service named AtlasMail, to law enforcement officers, prosecutors, judges, and other covered persons.  Atlas works with and provides access to its platform to members of the New Jersey State Policemen's Benevolent Association, the Metropolitan Transportation Authority Police Benevolent Association, New Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others. The goal of these unions and associations, since the first passage of Daniel's Law in November 2020, was to increase the safety and well-being of their members and associated households by helping those members to understand and assert the rights provided to them by the law.

31.    Upon signing up for Atlas, a law enforcement officer or other Covered Person is asked a series of questions to collect required personal information and qualify their eligibility as a covered person under Daniel's Law.  Once eligibility is confirmed, they are shown a page explaining how the Atlas platform works:

# How Atlas Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your home address or phone number. Atlas provides you with tools and services to help make the process more efficient.

1   We identify **data brokers that may be disclosing your personal information.** As of January 2024, our system tracks over 1,000 data brokers who operate in the United States.

2   You select **the data brokers to whom you want to send takedown notices.** We have lists of data brokers that we recommend, in order to make the selection process easier and more efficient. Alternatively, you can select recipients individually.

3   You review **takedown notice templates.** AtlasMail provides you with templates for takedown notice emails.

4   You send **takedown notices.** Your Atlas service includes an AtlasMail email address. You can use this email address to send takedown notices. More information about AtlasMail will be on the next screen.

Back                                                    Next

32.    AtlasMail is an email service operated by Atlas.  Upon signing up with Atlas, each law enforcement officer or other Covered Person receives their own AtlasMail account, with a unique inbox address (e.g. john.doe23@atlasmail.com) for their personal use.  A description of AtlasMail and more information about how the email service works are provided on a page during the signup process:

## How AtlasMail Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your sensitive personal information.

Atlas has created an email service, called **AtlasMail**, for its members to use for this purpose.

- ✓ Upon completing this signup process, a new email account will be created for your personal use. It will be:
  **john.doe23@atlasmail.com**

- ✓ You can access this email account from within the Atlas web application.

- ✓ This email account belongs to you and you can use it however you want, within certain anti-spam and similar limitations imposed by our terms of service.

Back

Next

33.    Having provided personal information, confirmed their eligibility for Daniel's Law, and progressed through several pages explaining the functions of Atlas as a platform and AtlasMail as an email service, the law enforcement officer or other Covered Person is then presented with a page on which they can review their home addresses and unpublished home telephone numbers, a takedown notice template, and a recommended list of data brokers to send notices to. On this page the law enforcement officer or other Covered Person can choose whether or not to send takedown notices. If they choose not to send takedown notices to the recommended list, they can select individual recipients at a later page (as shown in the example copied below). Here, each of the Individual Plaintiffs and Covered Persons sent Defendants a takedown notice.



34.    Any reply or response back from a data broker to the law enforcement officer or other Covered Person is received and displayed in their AtlasMail inbox. AtlasMail is a fully featured email service provider, and its users can reply, forward, or use their AtlasMail account as they would any other email account:



## Redaction/Nondisclosure Request Confirmation

| | |
|---|---|
| To | john.doe23@atlasmail.com |
| From | privacy@exampledatabroker.com |
| Date | Fri, Jan 26, 2024 8:14 PM |

Dear John,

Thank you for your redaction/nondisclosure request pursuant New Jersey law P.L. 2023, c.113, P.L 2021, c.371 (as amended, the "Act") and Section 3 of New Jersey P.L.2015, c.226 (C.56.8-166.1) (as amended, "Chapter 226"). We are writing to confirm that Example Data Broker Inc. will honor your request as required by the Act and Chapter 226.

Sincerely,

Example Data Broker Inc,

Reply    Forward

35.    With this lawsuit, Atlas seeks to enforce compliance with Daniel's Law for those Covered Persons. This lawsuit seeks to protect their privacy without unnecessarily putting those individuals in the spotlight. Atlas will work with the Court and Defendants to implement a protective order to then provide Defendants with the assignments and other information for each of the Covered Persons.

### Defendants

36.    Defendant Fortnoff Financial LLC is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

16

37.     Defendants Richard Roes 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts by data brokers to conceal the specific entities involved and responsible for the disclosure of data and information, and individuals responsible for Defendants failures to comply with the law.

38.     Defendants offer and engage in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey. Those websites include:

dealcheck.io

rentcast.io

39.     In accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual Plaintiffs and Covered Persons). The following is a redacted example of the detailed information provided by Defendants,[8] in violation of Daniel's Law:

---

[8] Consistent with the mandate of Daniel's Law and the public policy considerations underpinning Rule 1:38-7, personal information in the search results has been redacted from the exemplar screenshots included herein.



40.    As the screenshot above shows, visitors, users, or customers can not only obtain the protected information of the Individual Plaintiffs and Covered Persons but also the protected information of their family members.

41.    Daniel's Law was passed to protect those who serve from the disclosure of this protected information by such services, which disclose such information of the Individual Plaintiffs and Covered Persons for their own commercial interests, without sufficient regard to the risks and consequences imposed on individuals.

18

## JURISDICTION AND VENUE

42.    This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey.

43.    Venue is proper pursuant to R. 4:3-2, in that Mercer County is the county in which one or more of the parties and/or Covered Persons reside and/or conduct business.  In addition, many of the events giving rise to this action occurred in this County.

## FACTS COMMON TO ALL COUNTS

44.    As set forth above, New Jersey enacted Daniel's Law in November 2020 (P.L. 2020, c. 125 *codified as* N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1).

45.    Daniel's Law prohibits data brokers from disclosing or re-disclosing on the Internet or otherwise making available the home addresses or unpublished home telephone numbers of covered persons as defined in the law, upon a written request by those individuals.

46.    Upon notification, and no later than 10 business days after receipt, a data broker must not disclose or re-disclose on the Internet or otherwise make available the home addresses or unpublished home telephone numbers of the covered person.

47.    This includes a mandate that within 10 business days of receiving a nondisclosure request, the data broker shall not disclose the protected information of the covered person. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

48.    Daniel's Law was amended in 2023, as P.L. 2023, c. 113. The amendment was passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was thereafter signed by the Governor on July 20, 2023.

49.    Certain provisions of the amended law, including changes to N.J.S.A. 56:8-166.1, went into effect immediately.

50.    As of July 20, 2023, Daniel's Law as codified in N.J.S.A. 56:8-166.1 provided:[9]

> 3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.
>
> b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.
>
> c. The court shall award:
>
>> (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;
>>
>> (2) punitive damages upon proof of willful or reckless disregard of the law;
>>
>> (3) reasonable attorney's fees and other litigation costs reasonably incurred; and
>>
>> (4) any other preliminary and equitable relief as the court determines to be appropriate.
>
> d. For the purposes of this section:
>
>> ..."Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

---

[9] https://pub.njleg.state.nj.us/Bills/2022/PL23/113_.PDF

51.    Starting on or about December 25, 2023, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail.

52.    For example, a true and correct copy of the email directly from Plaintiff Maldonado (with personal information redacted) is pasted here:

| To | support@dealcheck.io |
| From | Edwin Maldonado <███████████@atlasmail.com> |
| Date | Wed, Jan 10, 2024 8:47 AM |

DealCheck
January 10, 2024

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: Edwin Maldonado

Home Address: ███████████████████

Sincerely,
Edwin Maldonado

53.    Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of the Individuals Plaintiffs and Covered Persons within the time period required by Daniel's Law.

54.    Even as of the date of this filing, Defendants still refuse to comply with Daniel's Law. Protected information of the Individual Plaintiffs and those Covered Persons who assigned Atlas their Daniel's Law claims against Defendants remains available from Defendants using Defendants' search tools or other means of disclosure.

21

55.    All of the Covered Persons who sent their nondisclosure requests to Defendants (not including the Individual Plaintiffs) have assigned their claims against Defendants to Atlas.

56.    The Individual Plaintiffs and Atlas hereby assert claims against Defendants based on their violation of Daniel's Law and continuing refusal to comply with that law.

## COUNT ONE

### (Daniel's Law)

57.    The allegations of the Complaint set forth above are included herein as if set forth at length.

58.    The Individual Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available.

59.    Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days.

60.    As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information (including home addresses and/or unpublished home telephone numbers) of the Individual Plaintiffs and the Covered Persons remains "available or viewable within a searchable list or database" or otherwise made available.

61.    Defendants did not cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitute a separate violation under the law.

62.    As a result of Defendants' failures to comply with Daniel's Law, Plaintiffs have suffered damages, and request all available relief.

63.     As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information of the Individual Plaintiffs and the Covered Persons remains disclosed or otherwise made available despite proper requests for nondisclosure in violation of Daniel's Law. As such, Plaintiffs request that the Court enter all appropriate legal and equitable relief.

WHEREFORE, Plaintiffs request that Judgment be entered against Defendants as follows:

A. Ordering that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individuals Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

B. Awarding actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

C. Awarding an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

D. Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

E. Ordering injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

F. Entering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law; and

G. Awarding such other and further relief against Defendants as the Court deems equitable and just.

Respectfully Submitted,

**GENOVA BURNS LLC**

Dated: February 23, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh
Kathleen Barnett Einhorn
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777

*Attorneys for Plaintiffs*

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis
Ryan J. McGee
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com
(*pro hac vice motions to be filed*)

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that pursuant to New Jersey Court Rules 4:5-1(c) and 4:25-4, Rajiv

D. Parikh, Esq. is hereby designated as trial counsel for Plaintiffs in this matter.

**GENOVA BURNS LLC**

Dated: February 23, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy between the parties hereto is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding between the parties hereto is contemplated. Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties that should be joined in the within action.

**GENOVA BURNS LLC**

Dated: February 23, 2024          By: /s/ Rajiv D. Parikh

Rajiv D. Parikh, Esq.


## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

Pursuant to Rule 1:38-7(b), it is hereby stated that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

**GENOVA BURNS LLC**

Dated: February 23, 2024          By: /s/ Rajiv D. Parikh

Rajiv D. Parikh, Esq.

```
MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON         NJ 08650-0068
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM


                  DATE:    FEBRUARY 08, 2024
                  RE:      ATLAS DATA PRIVACY C ORPORATIO  VS FORTNOFF FINAN
                  DOCKET: MER L -000284 24

   THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

   DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

   THE PRETRIAL JUDGE ASSIGNED IS:  HON R BRIAN MCLAUGHLIN

   IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     008
AT:  (609) 571-4200 EXT 74491.

   IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
   PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                  ATTENTION:

                         ATT: RAJIV D. PARIKH
                         GENOVA BURNS LLC
                         494 BROAD ST 6TH FL
                         NEWARK         NJ 07102


ECOURTS
```

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-000284-24

**Case Caption:** ATLAS DATA PRIVACY C ORPORATIO  VS
FORTNOFF FINAN

**Case Initiation Date:** 02/07/2024

**Attorney Name:** RAJIV D PARIKH

**Firm Name:** GENOVA BURNS LLC

**Address:** 494 BROAD ST 6TH FL

NEWARK NJ 07102

**Phone:** 9735330777

**Name of Party:** PLAINTIFF : ATLAS DATA PRIVACY
CORPORATION

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** OTHER Daniel's Law

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: ATLAS DATA PRIVACY
CORPORATION?** NO

**Are sexual abuse claims alleged by: JANE DOE 1?** NO

**Are sexual abuse claims alleged by: JANE DOE 2?** NO

**Are sexual abuse claims alleged by: EDWIN MALDONADO?** NO

**Are sexual abuse claims alleged by: JUSTYNA MALONEY?** NO

**Are sexual abuse claims alleged by: SCOTT MALONEY?** NO

**Are sexual abuse claims alleged by: PATRICK COLLIGAN?** NO

**Are sexual abuse claims alleged by: WILLIAM SULLIVAN?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/07/2024                                                                                        /s/ RAJIV D PARIKH
Dated                                                                                                      Signed